```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


US AIRWAYS, INC.                  :
         Plaintiff                :
                                  :
         VS.                      :
                                  :
GLAZER ENTERPRISES, INC. t/a      :
ELLIOTT EQUIPMENT COMPANY,        :
GLOBAL GROUND SUPPORT, LLC,       :
FLUIDICS, INC.                    : CIVIL ACTION NO. 06-1481
         Defendants               :
                                  :
         VS.                      :
                                  :
BAKER & ASSOCIATES, INC., ALL     :
TEST AND INSPECTION, INC.         :
      Additional Defendant        :

O'NEILL, J.                                       APRIL 17, 2007
```

MEMORANDUM

Pending before me is plaintiff's motion for leave to file an amended complaint adding Baker & Associates, Inc. (presently a third-party defendant) as a defendant, Baker's response, plaintiff's reply, and Baker's surreply thereto.

Baker asserts that permitting the amendment would be futile because plaintiff's claim against it is barred by the statute of limitations.

Relying on Schach v. Ford Motor Co., 210 F.R.D. 522 (M.D. Pa. 2002), Baker argues that a motion for leave to file an amended complaint which, as here, attaches a proposed amended

complaint does not toll the statute and, alternatively, that F.R.C.P. 15(c) ("Relation Back of Amendments") is inapplicable to plaintiff's proposed amendment.

As I hold that the proposed amendment relates back to the date of the original complaint, I will grant the motion for that reason and need not consider Baker's first argument.

Both plaintiff and Baker make factual assertions in their briefs which are not pled in the motion and the answer to the motion. As both parties have done so, I will consider these assertions as having been properly made.

Plaintiff's summary of the background facts follows.

On February 28, 2005, a US Airways employee, Robert Emerson, was operating a piece of de-icing equipment, a de-icing boom, located in slot 3B at the de-icing facility at the Philadelphia International Airport when the boom collapsed on a US Airways Airbus 330 causing severe damage to the plane. Mr. Emerson sustained personal injuries. As a result of this accident, various lawsuits have been filed.

US Airways filed the present action on April 7, 2006 against Elliott Equipment Co., Global Ground Support, LLC and Fluidics, Inc. This action was thereafter consolidated with <u>Global Ground Support, LLC v. Glazer Enterprises, Inc.</u>, 2:05-cv-04373 and both actions are currently pending in this Court under the lead case bearing No. 2:05-cv-04373. Both of

these cases, one other case which is pending in this Court, Global Ground Support, LLC v. All Test and Inspection, Inc., 2:07-cv-00491, and a number of other cases which have been filed by various parties in the Philadelphia Court of Common Pleas all arise out of the February 28, 2005 incident.

Defendant Elliot, the company that designed and manufactured the section of the boom that failed, filed a third party complaint against Baker on December 22, 2006.

Plaintiff claims that recently, during the course of discovery, it has come to its attention that Baker was likely responsible for providing various engineering services while the de-icing facility at the Airport was being designed and constructed. Plaintiff believes that Baker may have contracted with Fluidics, may have acted as a consultant with regard to the design and construction of the boom and also reviewed and approved various engineering drawings relating to the facility and the boom.

Rule 15(c) provides in effect that an amendment of a pleading relates back to the date of the original pleading when

(1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; and

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing

3

provision is satisfied and the party to be brought in by amendment (A) has received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against it.

Plaintiff concedes that it must satisfy these three requirements in order to establish relation back.

Baker's contention to the contrary notwithstanding, it is clear that the cause asserted in the proposed amended complaint arises from the occurrence that is set forth in the original complaint, namely, the collapse of the boom at the Philadelphia Airport in February, 2005.  Baker has not contested plaintiff's assertion that a subpoena was served on Baker by defendant Elliott on June 6, 2006, seeking Baker's documents pertaining to the lawsuits; accordingly, Baker had adequate and timely notice of this litigation.

The question that remains is whether Baker knew or should have known that the complaint would have named it as a party defendant but for a mistake concerning its identity.  The law in this Circuit is that "mistake" includes lack of knowledge on the part of the movant.  <u>Arthur v. Maersk</u>, 434 F.3d 196, 208-209 (3d Cir. 2006).  <u>Arthur</u> also holds that a delay of eleven months does not warrant refusal of leave to amend.  <u>Id</u>. at 204.

4

The present motion was filed a little less than eleven months after commencement of the action.

In Baker's surreply, it argues that there is no basis to conclude that Baker knew or should have known that it would have been joined but for plaintiff's mistake. Baker notes that US Airways was aware of Baker months before the statute of limitations expired and that defendant Elliott joined Baker as a third party defendant nearly three months before the statute of limitations expired. Under <u>Arthur</u>, however, US Airways' awareness of Baker before the expiration of the statute of limitations does not bar US Airways' motion. "The language of Rule 15(c) plainly implies that the "mistake" must have occurred at the time the complaint was filed." <u>Id</u>. at 207 n.13. Baker does not contest that US Airways lacked knowledge of Baker's potential involvement at the time the original complaint was filed.

An appropriate Order follows.