IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| | : | NOS. 07-0491; 06-1481 |
| v. | : | |
| | : | |
| ALL TEST AND INSPECTION, INC. | : | |

O'NEILL, J.                                                                                          OCTOBER    , 2007

**MEMORANDUM**

On February 5, 2007, plaintiff Global Ground Support, LLC filed a complaint against defendant All Test and Inspection, Inc. alleging that defendant failed to adequately inspect deicing equipment manufactured by Elliot Equipment Co., which plaintiff subsequently installed at Philadelphia International Airport. Global's complaint against All Test arises from injuries sustained by a US Airways employee on or about February 28, 2005, when the deicing equipment collapsed at Philadelphia International Airport. In related Civil Action number 06-1481 Global and filed a third party complaint against All Test.[1] The third party complaint seeks indemnity for any liability Global might be subject to due to the above referenced incident.

All Test originally moved to dismiss the complaint filed herein and the third party complaint against it for lack of personal jurisdiction in April 2007. In my Memorandum and Order of June 14, 2007, I deferred ruling on All Test's motions and provided the parties with

---

[1] The complaint filed in Civil Action number 06-1481 was filed by US Airways against Global and several other defendants. The complaint includes claims for negligence, strict liability, and breach of express warranty arising from the equipment collapse. Baker joined Global's opposition to All Test's motion to dismiss for lack of personal jurisdiction.

1

time to conduct jurisdictional discovery. I expressed the view that based upon consideration of the motion papers then filed I would not be able to assert personal jurisdiction over All Test.

Jurisdictional discovery is complete. Before me now are All Test's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (2007), Global's and Baker's respective supplemental responses, All Test's replies, and the respective sur-replies thereto. All Test moved to dismiss Global's complaint in this matter and has also moved to dismiss the third party complaint filed against it in Civil Action number 06-1481. This memorandum will treat the two cases and respective motions as one. After considering the supplemental filings I conclude that I may not exercise personal jurisdiction over All Test. For the reasons stated below I will grant All Test's motions to dismiss.

## BACKGROUND

Global, a North Carolina corporation with its principal place of business in Kansas, designs, manufactures and sells airline and airport ground support equipment and components. All Test, a Minnesota corporation with its principal place of business in Minnesota, conducts testing and inspections of mechanical products such as cranes and heavy equipment.

Global's complaint against All Test arises from injuries sustained by a US Airways employee on or about February 28, 2005, when deicing equipment collapsed at Philadelphia International Airport. Plaintiff asserts that approximately four years prior, on or about January 23, 2001, Elliot Equipment Co. and Global entered into contracts with the City of Philadelphia to manufacture and install deicing equipment at the airport. Plaintiff alleges that in addition to meeting specifications provided by the City Elliot's contract required it to test the equipment it manufactured to ensure the equipment would meet the necessary standards for structural

integrity. To that end, Elliot contracted with All Test to conduct the appropriate testing, which plaintiff claims defendant negligently performed. Plaintiff therefore contends that defendant was responsible for the resulting injuries.

All Test argues that this Court may not exercise personal jurisdiction over it. Specifically, All Test contends that it is not incorporated in Pennsylvania, is not registered to do business here, does not conduct business in Pennsylvania, and does not advertise or otherwise employ salesmen here. All Test also claims that it does not maintain bank accounts in or pay taxes to the Commonwealth of Pennsylvania. Consequently, All Test argues that it does not have any connection to Pennsylvania such that personal jurisdiction may be exercised over it here.

Global asserts that All Test knew and expected that any harm which might result from the alleged negligent work would be realized in Pennsylvania, and therefore All Test is subject to specific jurisdiction here. Alternatively, Global alleges that because of the nature of its activities as a worldwide business and past work in the Pennsylvania All Test is subject to general jurisdiction here.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(2) motion to dismiss, the allegations of the complaint are taken as true. Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). Once a defendant raises a jurisdictional defense, however, plaintiff bears the burden to demonstrate through affidavits or other competent evidence that jurisdiction is proper. Id. To meet its burden plaintiff must establish defendant's contacts with the forum state with reasonable particularity. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). Plaintiff

may not "rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. When the motion is made, plaintiff must respond with actual proofs, not mere allegations." Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984) (citation omitted); Peek v. Golden Nugget Hotel & Casino, 806 F. Supp. 555, 558 (E.D. Pa. 1992) ("References in a brief, unsupported by affidavit, are not properly before the Courts as 'facts' evidencing contact for jurisdictional purposes.") (citations omitted).

## DISCUSSION

I. Due Process Requirements

A district court may exercise personal jurisdiction over a party only to the extent that the laws of the forum state would permit doing so. Fed. R. Civ. P. 4(e); Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993). Pennsylvania's long-arm statute, however, extends its reach "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." Mellon Bank, 960 F.2d at 1221. Consequently, jurisdiction over a party in Pennsylvania will be valid so long as it is consistent with the Due Process Clause. Pennzoil Prods. Co. v. Colleli & Assocs., 149 F.3d 197, 200 (3d Cir. 1998). There are two theories under which a defendant may constitutionally be bound by the decisions of the forum: when general or specific jurisdiction over the party is present. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985).

A. General Jurisdiction

A defendant will be subject to general jurisdiction when its contacts with a forum state

are continuous and systematic. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984), quoting Perkins v. Benguet Consol. Mining, 342 U.S. 437, 455 (1952); Vetrotex v. Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 151 (3d Cir. 1996); 42 Pa. Cons. Stat. § 5301. "The threshold for establishing general jurisdiction is very high, and requires a showing of extensive and pervasive facts demonstrating connections with the forum state." O'Connor v. Sandy Lane Hotel Co., No. 04-2436, 2005 WL 994617, at *2 (E.D. Pa. Apr. 28, 2005), citing Reliance Steel Prods. Co. v. Watson, Ess, Marshal & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). As a result of the higher threshold, the cause of action need not arise from those contacts with the forum for a district court to adjudicate it. Burger King, 471 U.S. at 473 n.15; Pennzoil, 149 F.3d at 200.

Plaintiff bases its assertion of general jurisdiction over defendant on the ground that defendant operates a worldwide business directed at the Commonwealth of Pennsylvania. To substantiate that claim, plaintiff directs my attention to website descriptions of defendant and to work performed by defendant in Pennsylvania. The website describes defendant's business as providing domestic and international services, which include performing on site testing. Defendant also advertises on third party websites as providing national services. Commercial websites and advertisements cannot by themselves sustain general personal jurisdiction unless the party is "directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." Toys "R" Us v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). Plaintiff does not provide evidence that any of the website listings directly target Pennsylvania and its residents. Any finding of general personal jurisdiction must then rest on those "sufficient other related contacts," namely,

defendant's work in Pennsylvania.

Plaintiff alleges and defendant concedes that defendant once tested equipment in Pennsylvania for Grove International. Plaintiff implies that due to this on-site testing defendant has not only purposefully availed itself of Pennsylvania's benefits through the testing in dispute, but has also specifically directed its activities to Pennsylvania by performing other work here. This assertion fails to support a finding of that this Court may exercise general personal jurisdiction over defendant. First, the testing performed for Grove International is the only example proffered. Second, it follows the testing at issue in this case by several years[2] and lasted for only two months. I find plaintiff's arguments regarding defendant's employees temporarily residing in Pennsylvania and paying hotel use and occupancy taxes for the duration of a two month project unpersuasive. Without more, defendant cannot be said to have continuous contact with Pennsylvania based upon one discrete testing conducted here, nor can that contact be qualified as systematic. Cf. Helicopteros, 466 U.S. at 411 (failing to find general jurisdiction over a party that had purchased equipment and sent personnel for training in the forum state at regular intervals over several years); Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 438 (3d Cir. 1987) (finding that defendant conducted an essential part of its business on behalf of residents on a daily basis); Portella v. Life-Time Truck Prods. Inc., 127 F. Supp. 2d 652, 655 (E.D. Pa. 1999) ("While many of the trucks which Manning modified as a result of its business dealing with Ford did end up in Pennsylvania, such contact cannot be said to [h]ave been continuous or systematic."). Because plaintiff has not

---

[2] Testing at issue in the instant matters occurred outside of Pennsylvania in June of 2001, while the testing conducted for Grove took place in November and December of 2005.

demonstrated with reasonable particularity and actual proofs that defendant has continuous and systematic contacts with Pennsylvania, I find that defendant is not subject to general personal jurisdiction here.

B.   Specific Jurisdiction

A defendant may also be subject to specific jurisdiction if the cause of action arises from defendant's contacts with the forum.  Burger King, 471 U.S. at 472; Vetrotex, 75 F.3d at 151.  An exercise of specific jurisdiction over a party must satisfy two conditions.  Burger King, 471 U.S. at 474, 476; Pennzoil, 149 F.3d at 201.  First, the defendant must have a minimum level of contact with the forum state.  Burger King, 471 U.S. at 474, citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Pennzoil, 149 F.3d at 201.  "[A]pplication of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Second and subordinate, courts will ask whether that exercise of jurisdiction comports with fair play and substantial justice.  Burger King, 471 U.S. at 476, citing Int'l Shoe, 326 U.S. at 320; Pennzoil, 149 F.3d at 201.  Because plaintiff has not demonstrated the presence of minimum contacts, I do not consider whether exercising specific personal jurisdiction would comport with fair play and substantial justice.

1.   Minimum Contacts

Plaintiff argues that defendant has established minimum contacts on two alternative grounds: (1) an effects theory of specific jurisdiction; and (2) defendant's awareness that its out-of-state activities would be felt in Pennsylvania.  Plaintiff cites several cases in support of both

7

arguments and references a deposition of defendant's employee to show defendant knew where the equipment it tested would be installed. Even assuming the defendant had the knowledge plaintiff imputes to it, neither of plaintiff's contentions is well grounded in case law.

Plaintiff relies on Calder v. Jones, 465 U.S. 783 (1984), as supporting jurisdiction wherever the effects of defendant's torts are felt. As later courts have clarified, under this effects test the "plaintiff must show that: (1) defendant committed an intentional tort; (2) plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by plaintiff as a result of that tort; and (3) defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." Pokermatic Inc. v. Pokertek, Inc., No. 06-3258, 2006 U.S. Dist. Lexis 70864, at *12-13 (E.D. Pa. Sept. 27, 2006), citing IMO Indus. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998). Since plaintiff does not assert that defendant committed an intentional tort, the effects test is inapplicable here.[3]

Alternatively, plaintiff argues that defendant was aware both that its out-of-state activities would ultimately arrive in the forum and that any consequences arising from them would be felt here. Plaintiff asserts that this knowledge satisfies the minimum contacts requirement that "there be some act by which the defendant purposefully availed itself of the

---

[3] Although the Court of Appeals used the effects theory for a non-intentional tort claim in Horne v. Adolph Coors Co., 684 F.2d 255, 260 (3d Cir. 1982), it appears to have since limited the effects theory to intentional torts. See IMO Indus., 155 F.3d at 264-65 (finding that Calder's holding cannot be severed from its facts and a narrow reading of its reach is consistent with minimum contacts analysis); Max Daetwyler Corp. v. Meyer, 762 F.2d 290, 299 (3d Cir. 1985) (noting that Horne would likely result in permitting the kind of "national contacts" theory which already been unanimously rejected); see generally AMP Inc. v. Methode Elecs. Inc., 823 F. Supp. 259, 264, 268 (M.D. Pa. 1993) (noting the effects test has been abrogated in situations like Horne by Max Daetwyler and later Supreme Court cases).

privilege of conducting activities within the forum State." Hanson, 357 U.S. at 253; see also Burger King, 471 U.S. at 472; Helicopteros, 466 U.S. at 417. In Asahi Metal Industry Co. v. Superior Court of California, Solano County, 480 U.S. 102 (1987) the Supreme Court left open the question whether knowledge would satisfy the "purposeful availment" requirement, the Court then unanimously declined to exercise jurisdiction for lack of fair play and substantial justice.[4] Id. at 116. Regarding minimum contacts, Justice O'Connor held that even if defendant were aware that its products were being sold in the forum plaintiff also had to provide evidence of additional conduct showing purposeful affiliation with the state.[5] Id. at 111-12. Justice Brennan opined that there is no need for any additional conduct. Id. at 116-17 (Brennan, J., concurring).

Although the Court of Appeals has not adopted either Justice O'Connor's or Justice Brennan's approach,[6] subsequent district court cases have required a showing that defendant engaged in additional conduct directed at the forum state. In Portella, this court held that

---

[4] On this issue, the Court split 4-4-1. Justice O'Connor and three other Justices found that knowledge would not satisfy the "purposeful availment" requirement, Asahi, 410 U.S. at 111-12, while Justice Brennan and three other Justices found that it would, id., 480 U.S. at 116-17 (Brennan, J., concurring). Justice Stevens (joined by two Justices who also joined Justice Brennan's concurrence) suggested a third approach which placed an emphasis on the volume, value and hazardous character of defendant's activities for determining minimum contacts. Id. at 122 (Stevens, J., concurring).

[5] Justice O'Connor offered four examples of what that additional conduct might be: (1) designing the product for the forum state; (2) advertising in the forum state; (3) establishing channels to provide regular customer advice in the forum state; or (4) marketing the product through a distributor who has agreed to serve as the sales agent there. Asahi, 480 U.S. at 113.

[6] Pennzoil, 149 F.3d at 207; cf. Renner v. Lanard Toys Ltd., 33 F.3d 277, 283-84 (3d Cir. 1994) (vacating for jurisdictional discovery rather than adopting either approach but also noting that even under Justice Brennan's standard mere "awareness that one's product will end up in the forum state without some regularity of shipment would not be enough"). But see Pennzoil, 149 F.3d at 205 (noting that a number of other circuits have adopted one of the two standards).

9

knowledge of the intended destination of the trucks that defendant allegedly had negligently modified was insufficient for exercising specific jurisdiction. Portella, 127 F. Supp. 2d at 658. The court acknowledged that under Justice Brennan's standard the outcome might be different, but by using it the court would be eliminating state lines as relevant to jurisdiction, id. at 659, quoting Hanson, 357 U.S. at 250-51, and letting foreseeability serve as the sole benchmark, id. at 659, citing World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980). See also Jacobs v. Lakewood Aircraft Serv., Inc., 493 F. Supp. 46, 48 (E.D. Pa. 1980) (declining specific jurisdiction over a defendant who knew that the aircraft it allegedly negligently serviced out of state would return to Pennsylvania where it later crashed).

This court also declined to assert personal jurisdiction in Lehigh Coal & Navigation Co. v. Geko-Mayo, 56 F. Supp. 2d 559 (E.D. Pa. 1999) (involving a breach of contract claim). Despite defendant's knowledge that plaintiff was purchasing coal from the forum to fulfill an agreement between them, that knowledge did not establish sufficient minimum contacts. Id. at 568; see also Davlyn Mfg. Co. v. H&M Auto Parts, Inc., 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) (adopting Justice O'Connor's approach in a patent infringement case); Jefferson v. Priority Records, No. 97-6735, 1998 U.S. Dist. Lexis 15498, at *5-6 (E.D. Pa. Sept. 30, 1998) (citing Justice O'Connor's plurality as requiring evidence of additional conduct to allow an exercise of specific jurisdiction in another patent infringement case). In sum, case law does not permit me to exercise specific jurisdiction over a party whose only asserted contact with the forum is its awareness that the effects of its out-of-state activities may be felt there.

Upon a consideration of plaintiff's allegations, which only discuss defendant's knowledge but do not show that it has engaged in additional conduct directed at Pennsylvania, I

conclude plaintiff has failed to demonstrate sufficient minimum contacts between defendant Pennsylvania. As noted earlier, the kind of conduct that indicates "purposeful availment" includes conducting business or sales in the forum, designing products for the forum, advertising or establishing communication channels with customers there, or entering in arrangements with distributors who will serve as sales agents there. See Asahi, 480 U.S. at 113; Pennzoil, 149 F.3d at 206. None of the documents provided by plaintiff support an inference that defendant has engaged in any of the above conduct. They also do not reveal that defendant bid or otherwise proactively sought to be hired by Elliot to conduct testing of the equipment at issue here. See Surgical Laser Techs., Inc. v. C.R. Bard, Inc., 921 F. Supp. 281, 285 (E.D. Pa. 1996) ("[Defendant] has not directed any activity at Pennsylvania: no negotiation, no bid, no bargain, no benefit, no breach, no betrayal.") (footnote omitted). Furthermore, plaintiff does not dispute that the agreement entered into with Elliot was for the testing between two foreign entities and performed out of state.[7] Nor does plaintiff allege that the agreement was made within Pennsylvania or was intended to be governed by its law. Lehigh Coal, 56 F. Supp. at 568 (finding that because the contract was between two foreign entities entered into outside the forum and to be governed by non-forum law the parties did not intend to invoke the benefits of the forum). Accordingly, I find that plaintiff has failed to meet its burden to show that defendant had sufficient minimum contacts with Pennsylvania to subject it to specific jurisdiction here.

      An appropriate Order follows.

---

[7] Indeed, even had defendant contracted with an in-state entity to perform the testing, that would still not necessarily entail a conclusion that defendant was subject to specific jurisdiction there since an agreement or contract alone is not sufficient for finding minimum contacts with the forum. See Burger King, 471 U.S. at 478.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| | : | NO. NOS. 07-0491; 06-1481 |
| v. | : | |
| | : | |
| ALL TEST AND INSPECTION, INC. | : | |

## ORDER

AND NOW, this            day of October 2007, upon consideration of All Test's motions to dismiss for lack of personal jurisdiction, the responses, and replies thereto, and for the reasons set forth in the accompanying memorandum, it is ORDERED that All Test's motions to dismiss are GRANTED and the complaint and third party complaint against it are DISMISSED.

/s/ Thomas N. O'Neill, Jr.

_____
THOMAS N. O'NEILL, JR, J.