IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US AIRWAYS, INC., | : | CIVIL ACTION |
|       Plaintiff, | : | NO. 06-CV-1481 |
| | : | |
|   v. | : | |
| | : | |
| ELLIOT EQUIPMENT COMPANY, INC., | : | |
| et al., | : | |
|       Defendants. | : | |

O'NEILL, J.                                                                OCTOBER 22, 2007

## MEMORANDUM

Before me now is defendant Baker's motion to dismiss plaintiff US Airways' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file a certificate of merit and US Airways' response in opposition thereto. In the alternative Baker moves for judgment on the pleadings and for summary judgment. For the reasons stated below Baker's motion to dismiss will be granted.

### BACKGROUND

This civil action is one of several suits arising out of an accident which occurred on February 28, 2005 at Philadelphia International Airport. An aircraft de-icing machine collapsed and damaged a US Airways airbus. The operator of the de-icing machine suffered personal injuries as a result of the accident. Plaintiff filed a complaint against several defendants. Many defendants filed third party complaints and cross-claims against each other including Baker.

Plaintiff filed its original complaint on April 7, 2006. When plaintiff filed the original complaint Baker was not named as a defendant. On April 17, 2007, I granted plaintiff leave to file an amended complaint for the purpose of naming Baker as an additional defendant.

Defendant Baker is a firm which provides architectural, engineering, and construction services for aviation facilities. The amended complaint includes a count for negligence against all named defendants. Although the amended complaint named Baker as an additional defendant plaintiff did not file a certificate of merit within 60 days of filing the amended complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

## DISCUSSION

2

Pennsylvania Rule of Civil Procedure 1042.3 provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> >
> > (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> >
> > (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>
> (b) (1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

The above-referenced certificate of merit rule applies in the instant matter because plaintiff's suit against Baker is based upon allegations that Baker negligently provided professional engineering and design services.  Plaintiff did not file a certificate of merit at the time it filed its amended complaint nor within sixty days after it filed the amended complaint.

Plaintiff argues that although it did not file a certificate of merit its complaint against Baker should not be dismissed because the Court of Appeals has not held that the requirements of Pa.R.Civ.P. 1042.3 are applicable to a federal court sitting in diversity jurisdiction.  Plaintiff additionally argues that it had reasonable cause for its delay in filing a certificate of merit

because its lead attorney has been on maternity leave for several months and has not yet returned to work.  Plaintiff further maintains that Baker should be deemed to have waived its objection to plaintiff's untimely filing since it did not allege in its Answer that the certificate of merit rule applied.   Plaintiff  finally asserts that Baker has not been prejudiced by plaintiff's failure to file and also that even if plaintiff's claim against Baker is dismissed Baker remains a party to this action because other defendants have filed certificates or the other parties' respective claims against Baker do not require certificates.  None of plaintiff's arguments have merit.

The Pennsylvania certificate of merit rule does not conflict with the Federal Rules of Civil Procedure.  Therefore it must be applied as substantive state law by federal courts sitting in diversity. See, Chamberlain v. Giampapa,  210 F.3d 154, 158-61 (3d Cir.2000)(Court of Appeals analyzed similar New Jersey affidavit of merit rule), Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 509 -510 (E.D. Pa. 2004).  Both Pennsylvania and federal courts have held that dismissal is appropriate when a plaintiff fails to timely file a certificate of merit.  Holbrook v. Woodham, 2007 U.S. Dist. LEXIS 50966 (W.D. Pa. 2007); Velazquez v. UPMC Bedford Memorial Hosp., 328 F.Supp.2d 549 (W.D.Pa. 2004), Hoover v. Davila, 862 A.2d 591 (Pa. Super. 2004); Parkway Corp v. Edelstein, 861 A.2d 264 (Pa. Super. 2004); Koken v. Lederman, 840 A.2d 446 (Pa. Commw. 2003).  Accordingly, plaintiff's claims against Baker will be dismissed.

Pennsylvania Rule of Civil Procedure 1042.3 requires that a certificate of merit be filed when plaintiffs assert claims against licensed professionals.  Because Baker is an architectural and engineering firm which provides professional services plaintiff was required to file a certificate of merit must within sixty days of the date it filed its amended complaint. Plaintiff improperly relies upon the enforcing provisions of the certificate of merit rule and erroneously

concludes that equitable considerations mandate that it be permitted to file the certificate out of time.  Pennsylvania Rule of Civil procedure 1042.6 provides that the Prothonotary shall enter a judgment of non pros against a plaintiff for failure to timely file a certificate of merit pursuant to Pa.R.Civ.P. 1042.3.  Plaintiff asserts that because the judgment of non pros is subject to a motion to obtain relief from the entry of judgment non pros that Pa.R.Civ.P. 1042.3 is procedural rather than substantive law and that this Court is not required to follow it.  Plaintiff argues that because it may be possible to obtain relief from a judgment non pros that equitable considerations warrant denying Baker's motion for dismissal.  Plaintiff is incorrect.

    A plaintiff's ability to obtain relief from judgment non pros does not negate the fact that Pa.R.Civ.P 1042.3 is substantive law that must be applied by a federal court sitting in diversity.  I am required to apply it.  The rule clearly states that a certificate of merit must be filed.  It's enforcement provisions are set forth in Pa.R.Civ.P. 1042.6 which states that when a certificate of merit has not been filed a complaint shall be dismissed and judgment of non pros entered.  Plaintiffs are required to comply with the law, rules, and procedures necessary for them to properly litigate their claims against defendants.  Plaintiff failed to timely file a certificate of merit and its complaint against Baker must be dismissed.  Moreover, assuming arguendo that equitable considerations may permit a plaintiff to obtain relief from judgment non pros plaintiff has failed to provide this court with any reason to do so.  Plaintiff argues that its lead counsel was on maternity leave for months.  This argument is unpersuasive.  Plaintiff is represented by a large law firm which has the ability to have another attorney handle matters in the event of one attorney's absence due to maternity leave.  Furthermore, despite plaintiff's contentions to the contrary its allegations against Baker are clearly claims for professional negligence.  In its

amended complaint Plaintiff claims that Baker was hired by either defendant Global or defendant Fluidics to provide engineering services.  The allegations in the amended complaint also state that Baker was involved in the design of the de-icing machine.  These allegations amount to a claim that Baker rendered professional services and require that a certificate of merit be timely filed.  Without citing any authority in support of its position plaintiff also argues that Baker waived its objection to plaintiff's failure to file a certificate because Baker did not assert that a certificate of merit should have been filed when it filed its answer to the amended complaint.  Baker was not required to assert in its answer that the certificate of merit rule applied.  Plaintiff's final argument is that Baker was not prejudiced by plaintiff's untimely filing because Baker remains a party to this civil action since other defendants' claims against Baker will continue.  Plaintiff properly notes that other parties' claims against Baker will not be dismissed because those parties have either filed certificates of merit or the claims asserted against Baker do not require that the certificate be filed.  Nevertheless, the fact that other parties' claims and cross-complaints against Baker will remain has no effect on plaintiff's claims against Baker.  Baker will not required to defend against plaintiff's claims because plaintiff failed to comply with the requirement of Pa.R.Civ.P 1042.3.  Consequently, Baker's motion to dismiss plaintiff's complaint will be granted.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US AIRWAYS, INC., | : | CIVIL ACTION |
| Plaintiff, | : | NO. 06-CV-1481 |
| | : | |
| v. | : | |
| | : | |
| ELLIOT EQUIPMENT COMPANY, INC., | : | |
| et al., | : | |
| Defendants. | : | |

ORDER

AND NOW, this         day of October 2007, upon consideration of Baker & Associates', properly known as Baker and Associates, motion to dismiss , plaintiff's response, and Baker's reply thereto, and for the reasons set forth in the accompanying memorandum, it is ORDERED that Baker's motion to dismiss plaintiff's complaint is GRANTED and plaintiff's amended complaint and third party complaint against Baker is DISMISSED.

/s/ Thomas N. O'Neill, Jr.
_____
THOMAS N. O'NEILL, JR, J.