IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US AIRWAYS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ELLIOTT EQUIPMENT CO., INC., | : | NO. 06-1481 |
| GLOBAL GROUND SUPPORT, LLC., | : | |
| FLUIDICS, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| BAKER & ASSOCIATES, INC. | : | |

O'NEILL, J.                                                                                                    SEPTEMBER 29, 2008

MEMORANDUM

On April 7, 2006, US Airways, Inc. filed a complaint in this Court against Elliott Equipment Company, Inc., Global Ground Support, LLC, and Fluidics, Inc. for damages resulting from an accident involving one of US Airways' airbuses and deicing equipment. This action was consolidated with Global Ground Support, LLC v. Glaze Enterprises, Inc. t/a Elliott Equip. Co., No. 05-4373 (E.D. Pa. Jan. 23, 2006). In its complaint US Airways included claims for negligence, strict liability, breach of express warranty, and breach of implied warranty against Elliott, Global, and Fluidics. US Airways also included a count for strict liability - manufacturing defect against Elliott and Global. US Airways' final count is a claim for breach of contract asserted against Global. The operator of the de-icing machine suffered personal injuries as a result of the accident. Plaintiff filed a complaint against several defendants. Defendant Elliott filed a third-party complaint against Baker on December 22, 2006. Before me now is a motion for summary judgment from third party defendant Baker; a response from defendant Elliott and Baker's reply.

BACKGROUND

In 2001, various entities, including Global and Elliott, Fluidics and Baker and Fluidics and the City of Philadelphia entered into contracts for the installation of twelve boom assemblies and associated deicing equipment at the Philadelphia International Airport.  On January 23, 2001, Global entered into a purchase order agreement with Elliott to purchase fixed base pedestals and boom assemblies which could extend towards various aircraft during deicing activities.  Under the contract, Elliott agreed to design and manufacture the pedestals and boom assemblies according to specifications provided by the airport and applicable industry standards.  Baker provided engineering services for the overall de-icing boom project pursuant to a written contract with Fluidics.  The general contractor of this project, Fluidics, Inc., purchased the deicing equipment from Global, and in turn, the City of Philadelphia purchased the equipment from Fluidics.  Fluidics installed the pedestals and boom assemblies and they were operational as of December 2002.  The City of Philadelphia accepted the equipment in April 2003, and US Airways was responsible for operating the deicing facility.

On February 28, 2005, Robert Emerson, an employee at US Airways, allegedly fell to the ground and sustained personal injuries when one of the boom assemblies collapsed as he was operating one of deicing units on a US Airways Airbus 330.  Specifically, the boom sustained a structural failure and collapsed, causing the enclosed cab, containing Emerson, to fall to the ground.  Following this incident, the City of Philadelphia and the airport required the deicing equipment to be recertified and, where necessary, repaired.  Emerson commenced an action against Global and other entities, including Elliott, alleging that these entities were responsible

for his injuries. Additionally, when the boom collapsed, it allegedly fell onto the aircraft causing approximately three million dollars worth of damage to the aircraft. US Airways commenced an action against Global and others for this damage.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255. Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party therefore must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by

relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  However, the "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d Cir. 1972).

DISCUSSION

Baker generally asserts that Elliott cannot hold it responsible for the recertification and repair of the deicing equipment that Global was required to undertake by the City of Philadelphia and any damages that Global may have sustained as a result of the incident if Elliot is found to be liable for said repairs and recertification.  Elliott did not recertify or repair the equipment or reimburse Global for its losses.  Elliott alleges that Baker's modifications to the design and failure to seal the final designs and to visually inspect the final pedestal deicer to see the problem caused the incident and resulting repairs and recertification expenses and should therefore be liable to Elliott if Elliott is liable to Global..

I.    Common Law Claim for Contribution and Indemnity

Baker argues that it cannot be held solely liable to US Airways because it has been joined as a third party defendant.  Elliott concedes that Baker is only liable for contribution and indemnity if Elliott is held liable.  Elliott has further explained that its contention that Baker is solely liable merely meant that if Elliott is found to be liable and Baker is found liable for indemnity to Elliott, this would shift all damages to Baker.  I will grant summary judgment on the claim that Baker is solely liable to US Airways.

Baker further argues that none of the parties' experts establish a standard of professional

liability that Baker is alleged to have violated as part of Elliott's claim of negligence as required by Pennsylvania law. Elliott claims that the expert report of Jim Wiethorn adequately establishes a standard of care under the relevant law.

To prevail in any negligence action, the plaintiff must establish the following elements: defendant owed plaintiff a duty; defendant breached the duty; plaintiff suffered actual harm; and a causal relationship existed between the breach of duty and the harm. Freed v. Geisinger Med. Ctr., 910 A.2d 68, 72-73 (Pa. Super. Ct. 2006), appeal granted, 2007 WL 2212756 (Pa. Aug. 2, 2007). In order to establish a claim for professional malpractice under Pennsylvania law plaintiff must demonstrate three basic elements: (1) employment of the professional or other basis for a duty; (2) the failure of the professional to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of damage to the plaintiff. Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998), setting forth the elements of a legal malpractice claim. A professional's "conscious exercise of such judgment, 'even if subsequently proven to be erroneous, is not negligence. . . . There is no presumption that [a professional] has been guilty of a want of care, arising merely from a bad result.'" Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), quoting Mazer v. Sec. Ins. Group, 368 F. Supp. 418, 422 (E.D. Pa. 1973). "The standard of care in Pennsylvania malpractice cases is measured by the skill generally possessed and employed by practitioners of the profession. Expert testimony is required to establish the relevant standard and whether the defendant complied with that standard . . . ." Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 480-81 (3d Cir. 1979), noting "[t]here have been sweeping statements in Pennsylvania cases that the requirement of expert testimony applies to malpractice actions against members of all professions. . . . The expert witness in professional malpractice is

necessary to establish the specific standard of care and to assist the jury in its determination of defendant's conformity to the relevant standard." (citations omitted).

Baker argues that any claim of negligence against it must be buttressed by expert testimony opining that Baker violated its professional duties. It suggests that Elliott has failed to produce a single expert to establish the relevant standard of care which it is alleged to have breached. Under Pennsylvania law, generally, a party must produce expert testimony that the defendant breached the standard of care for that profession, in this case engineering. Ciprani v. Sun Pipe Line Co., 574 A.2d 706, 710 (Pa. Super. Ct. 1990). In professional liability cases, Pennsylvania law measures the standard of care "by the skill generally possessed and employed by practitioners of the profession." Lentino v. Teamsters Local 158, 611 F.2d 474, 480 (3d Cir. 1979). However, "expert testimony is not required when the matter under consideration is simple and the lack of ordinary care is obvious and within the range of comprehension of the average juror." Id. citing Smith v. Yohe, 194 A.2d 167 (Pa. 1963)). Given the complexity of the engineering issues in this case, the matter under consideration in this case is not simple, and expert testimony is required.

The rules governing "Professional Liability Actions" are set forth at Rules 1042.1-1042.8 of the Rules of Civil Procedure. Rule 1042.1 provides the Rules that "govern a civil liability action in which a professional liability claim is asserted against a licensed professional." Pa.R.C.P. 1042.1(a). The term "licensed professional" is defined as "(1) any person who is licensed pursuant to an Act of Assembly as . . .(vi) an engineer or land surveyor . . ." Pa.R.C.P. 1042.1 (notes omitted). This law clearly applies in this case. To file a claim under Rule 1042.3, the plaintiff must file a certificate of merit establishing:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> 3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim....

Pa.R.C.P. 1042.3.

Elliott provided a valid certificate of merit on the first basis and has alleged that its expert report provided by Wiethorn fulfills the requirements for establishing a standard of care under Pennsylvania law. Expert reports need not use "magic words" when expressing their opinions relating to standards of care and causation issues to fulfill this requirement. Brodowski v. Ryave, 885 A.2d 1045, 1057 (Pa. Super. Ct. 2005), citing Welsh v. Bulger, 698 A.2d 581, 586 (Pa. 1997). The courts have held in the context of a medical malpractice case that it is the substance, rather than the form, of the complaint which controls. Grossman v. Barke, 868 A.2d 561, 574 (Pa. Super. Ct. 2005), appeal denied, 889 A.2d 89 (2005). Wiethorn's expert report contains numerous incidents wherein he expresses his opinion that Baker, in addition to other parties in this case, violated the standard of professional care, citing to Baker's contractual and professional obligations for this project and alleging violations of these obligations. These include but are not limited to Wiethorn's opinion describing Baker's standard of professional care that "[a]lthough a defect is always possible, when multiple hoses rupture and multiple pumps keep failing a prudent engineer would have immediately shut the project down to examine the actual loads being applied to the system. Again, Baker failed to perform their professional and contractual duties in this matter" and "Baker had an obligation to consult with Elliott concerning the maintenance of

the boom/pedestal and operations of the unit prior to issuing the O & M manual." Despite Baker's contention that no expert report offered by any party establishes a standard of care relevant to Baker's actions, I find that Wiethorns's expert report contains more than mere conclusory assertions and presents genuine issues of material fact regarding whether Baker acted in conformity with the relevant standard of care and whether Baker is responsible for US Airways' damages so they can be held liable if Elliott is held liable.

Elliott presents sufficient evidence to preclude summary judgment on plaintiff's professional negligence claims. I make no judgment as to whether Baker's behavior was or was not reasonable in the aggregate or whether Baker's behavior indeed caused damage to Elliott. I note that there is evidence in the record supporting Baker's position that it acted in accordance with professional standards and that the actions of other individuals caused the accident at issue. I will therefore deny summary judgment on this count.

II.     Breach of Contract

Although Baker does not explicitly moves for summary judgment with regard to contract claims, I will address the issue here because Baker raised the issue in its motion for summary judgment on Elliott's breach of contract claim in Global's case and in its answer to Elliott's complaint and Elliott covers it in its response to Baker's motion for summary judgment. As explained fully and incorporated herein from in my opinion of this date on Baker's motion for summary judgment in the Global case, Elliott has no contractual relationship with Baker, whether direct, implied, or quasi, upon which it can state a cause of action, so I will grant summary judgment on Elliott's breach of contract claims against Baker in this action for the same reasons.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US AIRWAYS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ELLIOTT EQUIPMENT CO., INC., | : | NO. 06-1481 |
| GLOBAL GROUND SUPPORT, LLC., | : | |
| FLUIDICS, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| BAKER & ASSOCIATES, INC. | : | |

ORDER

AND NOW, this 29th day of September, upon consideration of third party defendant Baker's motion for summary judgment, defendant Elliott's response, Baker's reply, and for the reasons set forth in the accompanying memorandum, it is ORDERED as follows:

1. Baker's motion for summary judgment on Elliot's claim that Baker is solely liable to US Airways is GRANTED and judgment is in favor of Baker & Associates Inc. and against Glazer Enterprises, Inc. t/a Elliott Equipment Co.

2. Baker's motion for summary judgment on Elliot's claim that Baker was professionally negligent is DENIED.

3. Baker's motion for summary judgment on Elliott's breach of contract claim is GRANTED and judgment is in favor of Baker & Associates Inc. and against Glazer Enterprises, Inc. t/a Elliott Equipment Co.

/s/ THOMAS N. O'NEILL, JR.
THOMAS N. O'NEILL, JR., J.